In re NATURAL BORN CITIZEN PARTY NATIONAL COMMITTEE; Harold W. Van Allen, Petitioners.

No. 15–3463.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Nov. 5, 2015.

Opinion filed: Nov. 19, 2015.

Natural Born Citizen Party National Committee, Hurley, N.Y., pro se.

Harold W. Van Allen, Hurley, N.Y., pro se.

---

Mario Apuzzo, Esq., Jamesburg, NJ, for Plaintiff–Respondent.

Elizabeth A. Pascal, Esq., Office of United States Attorney, Camden, NJ, for Defendant–Respondent.

R. Craig Lawrence, Office of United States Attorney, Washington, DC, for Respondent.

Before: FISHER, JORDAN and VANASKIE, Circuit Judges.

OPINION *

PER CURIAM.

Harold Van Allen[1] petitions for a writ of mandamus. For the reasons below, we will deny the petition.

While the petition is difficult to understand, it appears that Petitioner seeks a court order creating a multi-district litigation in the Court of Appeals for the Fifth Circuit. He also seeks to add several federal agencies as parties to the consolidated litigation.

The writ of mandamus will issue only in extraordinary circumstances. See *Sporck v. Peil*, 759 F.2d 312, 314 (3d Cir.1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

The case and appeal in this Circuit that they seek to include in the proposed consolidated litigation are *Kerchner v. Obama*, D.N.J. Civ. No. 09–00253, and *Kerchner v. Obama*, C.A. No. 09–4209. However, these cases have already been decided, and no further litigation is needed.[2] Thus, there is no reason to consolidate these cases with any others cases. We note that Petitioner was not listed as a party to the prior District Court case or appeal.

Because Petitioner has not shown a clear and indisputable right to the relief sought, we will deny the mandamus petition. We warn Petitioner that frivolous and vexatious litigation may lead to sanctions and filing restrictions.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. As a layperson, Van Allen may not represent other parties. See *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir.1991) (non-lawyer parent cannot represent interests of his children). Thus, we will consider the petition as filed only by Van Allen.

2. The District Court determined that the *Kerchner* plaintiffs lacked standing and dismissed the complaint. *Kerchner v. Obama*, 669 F.Supp.2d 477 (D.N.J.2009). We affirmed the District Court's decision and concluded that the appeal was frivolous. *Kerchner v. Obama*, 612 F.3d 204 (3d Cir.), *cert. denied*, 562 U.S. 1082, 131 S.Ct. 663, 178 L.Ed.2d 513 (2010).